UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHALESE F.,

                  Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

22-CV-00463-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 14)

Plaintiff Shalese F.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 7) is granted, defendant's motion (Dkt. No. 10) is denied, and the case is remanded for further administrative proceedings.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

**BACKGROUND**[2]

Plaintiff filed protectively for DIB and SSI on September 19, 2018, alleging a disability onset date of September 6, 2017. (Administrative Transcript ["Tr."] 289-98). The applications were denied initially on December 12, 2018, and upon reconsideration on September 19, 2019. (Tr. 66-125). Plaintiff timely filed a request for an administrative hearing. (Tr. 149-50). Administrative Law Judge ("ALJ") Arthur Patane then held a series of three telephone hearings, at which Plaintiff participated, along with her counsel. (Tr. 33-65). A vocational expert ("VE") also appeared at each hearing. Following the initial hearing, the ALJ obtained a medical interrogatory, dated February 26, 2021, from Dr. Robert Smiley, a medical expert, and a vocational interrogatory, dated April 26, 2021, from a VE. (Tr. 15). On September 17, 2021, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 12-32). On April 19, 2022, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). This action followed.

**DISCUSSION**

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.     *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits

[the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations.   *Id.* §§404.1520(c), 416.920(c).  Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:  first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.  *Id.* §§404.1520(d), 416.920(d).  If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.  *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.  Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.  *Id.* §§404.1520(e), 416.920(e).  RFC "is the most [the claimant] can still do despite [his or her] limitations."  *Id.* §§404.1545(a)(1), 416.945(a)(1).  The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.  At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."  *Id.* §§404.1520(f), 416.920(f).  If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.  *Id.* §§404.1520(f), 416.920(f).  Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth

step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last-insured date to be December 31, 2022. (Tr. 18). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 6, 2017, the alleged onset date. (Tr. 18). At step two, the ALJ found that Plaintiff has the following severe impairments: lumbar disc disease status post fusion; and pulmonary embolism. (Tr. 18-19). At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19). Prior to proceeding to step four, the ALJ determined that Plaintiff retains the RFC to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), except that she must reposition after 45 minutes in one position, can occasionally use stairs, and must avoid respiratory irritants. (Tr. 20-23). At step four, the ALJ found that Plaintiff is capable of performing her past relevant work as an administrative assistance. (Tr. 23-24). In the

alternative, at step five, the ALJ found that Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (Tr. 24-25). Accordingly, the ALJ determined that Plaintiff was not under a disability from September 6, 2017, the alleged onset date, through the date of the decision. (Tr. 25).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that this case must be remanded because the ALJ's sit/stand limitation in the RFC conflicts with the medical expert's opinion and is based on a mischaracterization or misinterpretation of the Plaintiff's hearing testimony. The Court agrees.

The ALJ found that Plaintiff could perform sedentary work except she "must reposition after 45 minutes in one position." (Tr. 20). The ALJ rejected the more restrictive medical opinion of the medical expert, Dr. Smiley. Dr. Smiley opined that Plaintiff could sit for one hour at a time, and could stand and walk for only 15 minutes, each, at a time. (Tr. 1337). In rejecting Dr. Smiley's opinion, the ALJ stated that "claimant testified that she can now stand for 30 to 45 minutes at a time, so the restriction for only 15 minutes of standing or walking is not supported." (Tr. 23).

The ALJ appears to have mischaracterized, misinterpreted or misconstrued Plaintiff's testimony. Plaintiff did not clearly testify that she could stand for 30 to 45 minutes *at one time*. Rather, she testified that she could stand 10-15 minutes, 20 minutes at most, before having to lay down or do something else. (Tr. 53). Then, she testified that she could sit and stand "[m]aybe for about a half an hour, 45 minutes." (Tr. 53). Although the testimony is admittedly confusing, the simplest and more natural reading of Plaintiff's testimony is that she could sit and stand for only 30 to 45 minutes *total* at any one time.

Also, the ALJ did not address in his decision Plaintiff's testimony that she would sometimes need to lay down. (Tr. 53). Moreover, the ALJ's reasoning does not seem to address Plaintiff's testimony that she could sit no more than 15 minutes at a time. (Tr. 53-54). Upon further questioning from the ALJ, Plaintiff clarified that she could not sit more than 15 minutes before she had to get up and move, and that she could "never sit still." (Tr. 54). The Court notes that this testimony from the Plaintiff was consistent with the opinion of her treating orthopedist that Plaintiff could sit no longer than 15 minutes before having to shift positions. (Tr. 22).

It is not clear to the Court whether a proper reading of Plaintiff's testimony would have changed the VE's testimony and/or the ALJ's decision at steps four and five of the sequential evaluation. Thus, remand is required. *See Poles v. Colvin*, 2015 WL 6024400, *4 (W.D.N.Y. Oct. 15, 2015) ("Because these conclusions, which were key to the ALJ's rejection of Plaintiff's claim, are improperly based on a selective citation to, and mischaracterization of, the record, the Court finds that the ALJ's decision does not provide an adequate basis for meaningful judicial review, and is not supported by substantial evidence.") (citing *Ericksson v. Comm'r of Soc. Sec.,* 557 F.3d 79, 82-84 (2d Cir. 2009) ("[T]he record demonstrates that the first ALJ improperly disregarded or mischaracterized evidence of Ericksson's continuing disability, and that the second ALJ awarded Ericksson benefits based, in substantial part, on a proper assessment of this very evidence.")). On remand, the ALJ should seek further testimony from Plaintiff to assist in clarifying her

sit/stand limitations.  The ALJ should also seek further clarification from Dr. Smiley as to the sit/stand limitation.[3]

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is granted, defendant's motion for judgment on the pleadings (Dkt. No. 10) is denied, and the case is remanded for further administrative proceedings.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:        November 13, 2024
              Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[3] Plaintiff also argues that remand is required because the ALJ failed to incorporate any mental limitations into the RFC despite finding that Plaintiff was limited in all four areas of functioning in the special technique.  On remand, defendant should also address this argument.